IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SCOTT A. SAMFORD, JR., | § | |
| TDCJ No. 835644, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-06-0351 |
| | § | |
| WARDEN C.S. STAPLES, *et al.,* | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM ON DISMISSAL

Plaintiff has filed a civil rights complaint under 42 U.S.C. § 1983. He is proceeding as a pauper under 28 U.S.C. § 1915.

### I. BACKGROUND AND PLEADINGS

Plaintiff is incarcerated in the Texas Department of Criminal Justice (TDCJ). Plaintiff sues Warden C. J. Staples, Sgt. Stevens, R. Cleeves, and Shelia Torres.

Plaintiff's claims follow. Plaintiff was assigned to the Pack I Unit from October 31, 2001 to December 26, 2006. He is now assigned to the Clements Unit in Amarillo, Texas, for supposedly attempting to establish an inappropriate relationship with Torres.

Plaintiff had a state imposed right not to have his personal feelings and affections toyed with and manipulated. On December 9, 2005, Plaintiff was issued a major disciplinary case for sending an exact duplicate of Exhibit A to an unspecified person

or location. Exhibit A is a copy of several pages of the TDCJ inmate handbook. The following language from the handbook is marked by Plaintiff:

> An offender should be aware of how to handle situations in which he perceives himself to be the object of sexual advances by staff members. Any type of sexual advancement by any staff member directed toward any offender is a strict violation of policy. Similarly, it is a violation of the rules for offenders to direct advances towards officers or staff. Officers or staff may not solicit offenders in any way for any type of sexual favors. The same applies towards offenders. This includes any conversation(s) that might lead to sexual involvement or relationship of a personal nature. Personal correspondence with a staff member is prohibited.

[Docket Entry No. 1, p. 7, ¶ 19]. Plaintiff felt he was going to be transferred to another unit anyway. He knew Officer Torres in such a way that it would not be inappropriate to send such a message.

Torres gave a great deal of attention to Plaintiff over a two-year period. Torres confiscated more property from Plaintiff than all other officers combined. Because of the constant attention Torres gave to Plaintiff over a two-year period, she would not let Plaintiff forget her. Further, there was verbal foreplay on several occasions.

Torres was directly and indirectly involved in the confiscation of more than $400.00 in property, and the issuance of four disciplinary cases. Torres confiscated property from Plaintiff because he was ignoring her and she wanted attention from him, and later she did this to trap Plaintiff in a conspiracy.

Plaintiff suffered from Torres's displays of affection and the interest she showed

him. This completely baffled Plaintiff. Now, Plaintiff is in medium custody on a violent unit. He has been embarrassed, criticized and ridiculed. These actions are a violation of due process.

Cleeve talked to Torres almost every day. Warden Staples had knowledge of the conspiracy. Sgt. Stevens wrote the disciplinary case for attempting to establish an inappropriate relationship. Plaintiff has suffered heartache due to the false hope of a new woman in his life. He has cried and been hurt.

Plaintiff was ordered to file an Amended Complaint using a form complaint provided by the Clerk "contain[ing] ONLY the claims and allegations contained in the original complaint." *See* Docket Entry No. 2, pp. 2-3. Plaintiff submitted an Amended Complaint that was not in compliance with this Court's order. Instead, Plaintiff submitted an Amended Complaint which adds a Defendant, Officer D. Johnson, and the following new allegations. On July 27, 2005, Torres illegally confiscated all of Plaintiff's property in his cubicle. Confiscated property should be returned to an inmate when he gets more space to store his property, but otherwise inmates have 60 days to ship their property to family members. Plaintiff's property was destroyed on the 48th day. Torres was deliberately indifferent to Plaintiff's "need for a drinking container in ... July in Texas."

In his Original Complaint, Plaintiff seeks compensatory damages of $18,000 for

mental anguish and depression, and $100,000 in punitive damages. In his Amended Complaint, Plaintiff seeks compensatory damages for "property, hardship" and punitive damages.

## II. PLAINTIFF'S EMOTIONS

Plaintiff raises a claim against Torres based on the assertion that he has a state imposed right not to have his personal feelings and affections manipulated. There is no free standing Constitutional right to be free from exploitation by a state actor of one's emotions. Furthermore, 42 U.S.C. §1997e(e) provides that "[n]o federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." *See Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005).

Plaintiff claims he was transferred to another prison unit for attempting to establish a relationship with Torres. He asserts he is in medium custody on the new unit and it is violent. An inmate has no due process liberty interest in his classification or custody status under the Due Process Clause. *Meachum v. Fano*, 427 U.S. 215 (1976). The transfer of an inmate to another prison unit, even one with harsher conditions, is well within the terms of confinement ordinarily contemplated by a prison sentence and does not violate due process. *Sandin v. Conner*, 515 U.S. 472, 481-85 (1995). Harsh conditions of confinement "are part of the penalty that criminal

offenders pay for their offenses against society." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

Plaintiff fails to state a claim on which relief may be granted on his allegations concerning Torres's emotional treatment of Plaintiff.

## III. PERSONAL PROPERTY

Plaintiff raises claims that officers improperly took his personal property, including claims that prison procedures were not followed.

The due process clause of the U.S. Constitution is not implicated by random, unauthorized property deprivations where the plaintiff has an adequate post-deprivation remedy under state law. *Hudson v. Palmer*, 468 U.S. 517, 535 (1984); *Simmons v. Poppell*, 837 F. 2d 1243, 1244 (5th Cir. 1988). Texas provides an adequate post-deprivation remedy for the loss of personal property. *Murphy v. Collins*, 26 F.2d 541, 543-44 (5th Cir. 1994). Even where prison employees intentionally deprive an inmate of his property, the deprivation does not violate the due process clause if an adequate post-deprivation remedy is available. *Hudson*, 468 U.S. at 533; *Marshall v. Norwood*, 74l F.2d 761 (5th Cir. 1984).

Plaintiff does not challenge the TDCJ's property confiscation procedures. *See Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435-36 (1982) (distinguishing between random, unauthorized property deprivations which do not implicate due process if state

5

provides adequate post-deprivation procedure and property deprivations which are pursuant to an established state procedure). His complaint includes allegations that the prison's property procedures were not followed. However, an alleged violation of a prison regulation without more does not constitute a constitutional violation. *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986).

Plaintiff fails to state a claim on which relief may be granted on his allegations concerning his personal property.

## IV. CONSPIRACY

Plaintiff's vague and conclusory conspiracy allegation does not justify the granting of relief. *See Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992). Plaintiff fails to state a claim on which relief may be granted on his conspiracy allegation.

## V. DUPLICATIVE CLAIMS

Some of Plaintiff's claims were raised in a prior case in this Court filed by Plaintiff. *See Samford v. Dretke, et al.*, Civil Action No. H-05-CV-2003. This includes Plaintiff's claims concerning property confiscation by Torres and deliberate indifference by Torres for taking a container during July were raised in the prior case. *Id.*, Docket Entry No. 58, pp. 2, 12.

Duplicative or repetitive claims already litigated are malicious under 28 U.S.C.§ 1915(e)(2)(B)(i). *See Hill v. Estelle*, 423 F. Supp. 690 (S.D. Tex. 1975) (interpreting

6

prior version of § 1915).  Such claims are dismissible *sua sponte*. 28 U.S.C.§ 1915(e)(2)(B)(i); *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989).

## VI. SECTION 1997e

Plaintiff seeks damages for mental anguish, depression, property deprivation, and hardship he suffered.  He does not allege any physical injury concerning any of his claims. Under 42 U.S.C. §1997e(e), these requests for damages fail. *See Geiger*, 404 F.3d at 375.

Plaintiff also requests punitive damages.  Punitive damages, however, may be awarded only when the defendant's conduct "is motivated by evil intent or demonstrates reckless or callous indifference to a person's constitutional rights." *Williams v. Kaufman County*, 352 F.3d 994, 1015 (5th Cir. 2003). "The latter standard requires recklessness in its subjective form, *i.e.* a subjective consciousness' of a risk of injury or illegality and a criminal indifference to civil obligations." *Id.*  Plaintiff's allegations do not warrant an award of punitive damages.

Apart from Plaintiff's failure to state a claim on which relief may be granted as to any of his claims, he is not entitled to any of the relief he seeks.

## VII. CONCLUSION

Plaintiff's claims are frivolous, malicious, and fail to state a claim on which relief may be granted.  Accordingly, it is ORDERED that this complaint be DISMISSED under 28 U.S.C. § 1915(e)(2)(B) as frivolous, malicious, and for failure to state a claim

on which relief may be granted. The TDCJ-ID Inmate Trust Fund is ORDERED to deduct 20% of each deposit made to Plaintiff's trust account and forward the funds to the Clerk regularly, under 28 U.S.C. § 1915(b)(2), until the entire filing fee ($250.00) has been paid. The Clerk will provide a copy to the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Betty Parker and the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793.

SIGNED at Houston, Texas, on this 2nd day of August, 2006.

_____David Hittner_____

DAVID HITTNER

United States District Judge